IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

    Petitioner,　　　　　　　　No. CIV S-06-1153 FCD PAN P[1]

  vs.

DAVE GRAZAINI, et al.,

    Respondents.　　　　　　　　ORDER AND

　　　　　　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATION

_____/

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

/////

/////

---

[1] This action was originally denominated Case No. CIV S-06-1153 LKK PAN P. Examination of this action and the court's records reveals that the petitioner has previously filed a petition for relief in the same matter. (No. CIV S-05-1618 FCD PAN P.) Pursuant to Local Rule 81-190(d), the above-captioned action, which is already assigned to the caseload of the Magistrate Judge who considered the prior petition, will be reassigned to the District Judge who considered the prior petition. The parties should be aware that reassigning this action under Local Rule 81-190(d) merely has the result that the action is assigned to the Judge and Magistrate Judge who considered the prior petition; no consolidation of the actions is effected.

1  Examination of the in forma pauperis affidavit reveals that petitioner is unable to
2  afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is
3  granted.  See 28 U.S.C. § 1915(a).

4  Petitioner was convicted of two counts of attempted murder in state court in 1989
5  and received a sentence committing him to a state mental hospital for 12 years and four months
6  following a plea of not guilty by reason of insanity pursuant to California Penal Code § 1026.5.
7  By the instant petition, petitioner challenges proceedings commenced by the district attorney in
8  the county of his conviction pursuant to California Penal Code § 1026.5 to extend petitioner's
9  commitment.  The proceedings at issue here were commenced on April 30, 2005, in advance of
10 petitioner's release date of July 18, 2005.  Petitioner claims that he has received constitutionally
11 ineffective assistance of counsel in these proceedings.

12 Penal Code § 1026.5 (a)(1) provides that

13 "[i]n the case of any person committed to a state hospital or other treatment
   facility pursuant to Section 1026 or placed on outpatient status pursuant to Section
14 1604, who committed a felony on or after July 1, 1977, the court shall state in the
   commitment order the maximum term of commitment, and the person may not be
15 kept in actual custody longer than the maximum term of commitment ...."

16 Pursuant to that statute, if a prosecutor files a petition for extended commitment
17 upon recommendation of the medical director of the state hospital in which the person is being
18 treated, "the trial shall commence no later than 30 calendar days prior to the time the person
19 would otherwise have been released, unless that time is waived by the person or unless good
20 cause is shown." Penal Code § 1026.5 (b)(4).  Petitioner avers in his petition that the trial has not
21 yet commenced, that he did not consent to a time waiver, and therefore his release is being
22 postponed in violation of his constitutional rights.[2]
23 /////
24

25 [2]Petitioner also alleges, however, that he did waive time this year following appointment of
   a new attorney to represent him in the state court proceedings (see page 2 of petitioner's Attachment
26 to the Standard Petition for Writ of Habeas Corpus Form).

Generally, the federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971); see also <u>Fort Belknap Indian Community</u>, 43 F.3d at 431 (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir.1972) (per curiam); see <u>Carden v. Montana</u>, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). The proceedings under Penal Code § 1026.5 are in the nature of criminal proceedings,[3] and it is apparent from the petition before the court that the proceedings are ongoing in the trial court. The record before the court does not reflect the type of "unusual circumstances" that might warrant federal intervention in the ongoing proceedings against petitioner under Penal Code § 1026.5.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." For the foregoing reasons, it plainly appears from the face of the petition that petitioner is not entitled to relief from the federal court at this time. This action should therefore be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. This action remains assigned to Magistrate Judge Peter A. Nowinski and is reassigned to Judge Frank C. Damrell, Jr. for all further proceedings; henceforth, the caption on

---

[3] California Penal Code § 1206.5 (b)(7) provides that "[t]he person [confined pursuant to this section] shall be entitled to the rights guaranteed under the federal and State Constitutions for criminal proceedings. All proceedings shall be in accordance with applicable constitutional guarantees."

1  documents filed in this action shall be shown as No. CIV S-06-1153 FCD PAN P;

2        2. The Clerk of the Court shall make appropriate adjustment in the assignment of
3  civil cases to compensate for this reassignment; and

4        IT IS HEREBY RECOMMENDED that this action be dismissed without
5  prejudice. See Fed. R. Civ. P. 41(b).

6        These findings and recommendations are submitted to the District Judge assigned
7  to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being
8  served with these findings and recommendations, petitioner may file written objections with the
9  court.  The document should be captioned "Objections to Magistrate Judge's Findings and
10 Recommendations."  Petitioner is advised that failure to file objections within the specified time
11 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
12 1991).

13 DATED: June 15, 2006.

                              _____
                              UNITED STATES MAGISTRATE JUDGE

14
atte1153.190.fr